# CIRCUIT COURT OF THE CITY OF ROANOKE

Commonwealth of Virginia

v.

David Lee Gravely

October 26, 2000

Case No. CR00-1481

BY JUDGE ROBERT P. DOHERTY, JR.

Defendant driver was stopped late at night by police for a burned out headlight. Two police officers approached Defendant's vehicle, one who obtained Defendant's operators license and one who obtained identification from Defendant's passenger. One of the officers recognized the passenger and believed that he had outstanding felony warrants. This information was fed into the patrol car's computer and the officers discovered that in fact unserved felony warrants existed for the passenger. The police returned to Defendant's vehicle and asked both occupants to step out of the car. Upon being advised that he was to be arrested, the passenger became uncooperative and argumentative. The officer talking to Defendant felt that the passenger was either getting ready to run or getting ready to fight with his partner. Intending to leave Defendant and go to the aid of his partner, the officer with Defendant asked to search him for drugs, guns, or weapons. Defendant refused; so the officer told him that he was not under arrest but was going to be handcuffed for his and the officer's safety. Defendant was then handcuffed and seated on the curb while the officer went to the assistance of his partner. As a result, the passenger was safely arrested and placed in the patrol car. Both officers then returned to Defendant's car and began a search incident to arrest, saying loudly that they had already called for vice officers and a drug dog. Defendant was asked if there was anything he wanted to tell the officers since the drug dog was coming anyway, at which time the Defendant, still in handcuffs,

confessed to having illegal drugs in his pocket. The officers retrieved them and arrested Defendant for the possession of the drugs. The total time that Defendant was in handcuffs prior to his arrest was no more than five minutes. Defendant claims that the fact that he was handcuffed by armed police officers who had told him that a drug dog was coming to the scene amounted to coercion, which resulted in his confession and the discovery of the illegal drugs. Defendant argues that both the confession and the contraband should be suppressed because of the coercive manner in which they were obtained. The Commonwealth contends that the actions of the police officers were proper. The Court finds in favor of the Commonwealth.

The burden is always on the Commonwealth to prove that consent to search is freely and voluntarily given. To make that determination, the court must look at the totality of the circumstances surrounding the events leading up to the giving of consent. See *Commonwealth v. Thomas*, 23 Va. App. 598, 610, 611 (1996), and *Schneckloth v. Bustamonte*, 412 U.S. 218, 219 (1973). That is another way of saying you must look at the big picture, or that you should not get so close to the details that you fail to see the forest because of the trees.

Here, an analysis of the facts show that a late night traffic stop was legitimately made; that the passenger had outstanding felony warrants against him; that the passenger had become combative and uncooperative when told that he was to be arrested; that the driver had refused a consent search for weapons; and that both officers were needed to safely effect the arrest of the passenger. Under these circumstances, the handcuffing of the passenger for his and the officers safety was a reasonable and common sense approach to the emergency situation confronting them. The Defendant's temporary detention and seizure was not illegal. See *Welshman v. Commonwealth*, 28 Va. App. 20, 32, 33 (1998). Thereafter, the passenger was safely arrested, vice officers and a drug dog had been called, and the police had returned to the Defendant's vehicle to search it incident to the passenger's arrest. All of these actions happened rapidly. The police were diligently pursuing their investigation. Less than five minutes had lapsed from the start of the traffic stop to the point when Defendant told the officers that he had drugs in his pocket. The detention of Defendant was not unreasonably long. See *Limonjo v. Commonwealth*, 8 Va. App. 532, 543 (1989). The fact that the Defendant had been briefly detained and handcuffed, that he had observed his passenger being arrested by uniformed police officers who were carrying holstered guns, that his car was being searched, and that he had been told that a drug dog was on its way to the scene, when coupled with all of the other facts of this case, were not so coercive so as to vitiate the voluntariness of the Defendant's confession.

Whether the search of Defendant's person thereafter was a voluntary consent search or a search based on probable cause is immaterial. Either way it was lawful. See *Allen v. Commonwealth*, 3 Va. App. 657, 662 (1987).

The Defendant's reliance upon *Deer v. Commonwealth*, 17 Va. App. 730 (1994), is misplaced. In *Deer*, the officer had already issued a traffic summons to the defendant and, based solely on an "inchoate and unparticularized suspicion or hunch," detained the defendant beyond the time necessary to issue the traffic citation. That unlawful detention, coupled with the threat to call for a drug dog and detain the Defendant for at least an additional hour, constituted illegal coercion and undermined the voluntariness of the Defendant's consent to search. Those facts have no application to the case before us.

The pressures Defendant felt coming to bear upon him because of the lawful actions of the officers were factors he had to weigh in deciding whether or not he should confess. The mere fact that Defendant may have processed this information is such a manner so as to cause him to believe that it was in his own best interest to confess, or that he felt pressure coming to bear upon him to confess, is entirely different from being unreasonable forced or coerced into confessing. Under the facts of this case, the Defendant's confession was voluntary. The subsequent search of his person was either voluntary or, in the alternative, it was based upon probable cause to believe that Defendant was hiding contraband drugs upon his person. Defendant's motion to suppress his confession and the drugs found in his pocket is denied.